UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD E. SPEARMAN, | No. 2:21-cv-1215 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DEBORAH A. HARRIS, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee housed in the Sacramento County Jail. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed without leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
2  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
3  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
4  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
5  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
6  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
7  Plaintiff's Allegations
8      Plaintiff alleges that various individuals have been defrauding plaintiff's grandfather for
9  years.  He claims that such individuals took out a number of loans against his grandfather's estate
10 and took everything from his grandfather's home.  He claims, *inter alia*, will and trust fraud,
11 theft, and embezzlement.  Plaintiff seeks money damages and attorney fees and costs.
12 Discussion
13     First, plaintiff cannot seek relief for injuries sustained by his grandfather.  Plaintiff has no
14 standing to sue on behalf of a third party.  In order to have standing to bring a claim in federal
15 court, a plaintiff must:  (1) assert his or her own rights, rather than rely on the rights or interests of
16 third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an
17 interest that is arguably within the zone of interests protected or regulated by the statute or
18 constitutional guarantee in question.  Estate of McKinney v. United States, 71 F.3d 779, 782 n.4
19 (9th Cir. 1995); Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir. 1987).
20 Ordinarily a petitioner does not have standing to complain about the deprivations of the
21 constitutional rights of others.  Powers v. Ohio, 499 U.S. 400, 410 (1991); Estate of McKinney,
22 71 F.3d at 782 n.4; see, e.g., Fleck & Assocs., Inc. v. Phoenix, 471 F.3d 1100, 1104 (9th Cir.
23 2006) (citing Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985) (under prudential
24 limitations of standing, litigant must normally assert his own legal interests rather than those of
25 third parties)
26     Second, plaintiff does not allege that any defendant acted under color of state law.  The
27 Civil Rights Act under which this action was filed provides as follows:
28 ////

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [plaintiff] must [allege] that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Plaintiff fails to state a claim under § 1983 because he has not identified what conduct, if any, was conducted by a state actor. A defendant acts under color of state law where he or she exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quotation marks and citation omitted). Because most of the named individuals appear to be plaintiff's relatives, such individuals do not appear to have acted under authority of state law. Plaintiff names no state government employees as defendants.

Finally, plaintiff identifies no putative constitutional violation or violation of federal law that plaintiff allegedly suffered as a result of the actions of a defendant acting under color of state law.

Leave to Amend

The undersigned has considered whether plaintiff should be granted leave to amend. However, in this case, amendment is futile because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Rather, it appears that plaintiff's claims are more appropriately raised, if at all, in state court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

////

Case 2:21-cv-01215-KJM-KJN   Document 7   Filed 10/08/21   Page 5 of 5

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

      3. The Clerk of the Court is directed to assign a district judge to this case.

      Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 7, 2021

/spear1215.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5